IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RIC CROSSFIELD, JR. | : | NO. 18-352-5 |

MEMORANDUM

Bartle, J.  September 26, 2018

Before the court is the motion of defendant Ric Crossfield, Jr. ("Crossfield") for reconsideration of the denial of pretrial release.

Crossfield, along with five co-defendants, is charged in a two-count superseding indictment with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) and conspiracy to advertise child pornography in violation of 18 U.S.C. §§ 2251(d) and (e).

On July 30, 2018, after an evidentiary hearing, Magistrate Judge Jacob P. Hart ordered Crossfield be detained without bail before trial. Crossfield seeks review of this order under 18 U.S.C. § 3145(b). We held an evidentiary hearing and now make a de novo determination of Crossfield's eligibility for bail and what pretrial conditions of release, if any, are appropriate. See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

The Bail Reform Act governs the issue of pretrial detention. See 18 U.S.C. § 3142. The Act provides that "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Id. § 3142(e)(1).

The Bail Reform Act provides for a rebuttable presumption in favor of detention where the defendant is charged with an offense involving a minor victim under certain specified statutes, including activities relating to material constituting or containing child pornography under 18 U.S.C. § 2252A(a)(1)-(4). Id. § 3142(e)(3)(E). Here, Crossfield is charged with offenses which involve the receipt, distribution, and solicitation of child pornography and a significant number of minor victims. He faces a maximum term of life imprisonment and a mandatory minimum term of twenty years' imprisonment. Consequently, there exists under the Bail Reform Act a rebuttable presumption that no conditions or combination of conditions will reasonably assure Crossfield's appearance at trial and the safety of any other person and the community if we find that there is probable cause to believe that Crossfield has violated the above-mentioned statutes.

Based on the evidence and proffers presented at the hearing, the court finds that there is probable cause to believe that Crossfield committed the offenses charged in the indictment.  A subpoena served on Charter Communications, an internet service provider, linked Crossfield's name, residence, and internet protocol ("IP") address with a particular username from an internet chat room where child pornography was shared and discussed.  Thereafter, federal law enforcement agents executed a search warrant at Crossfield's residence.  Agents recovered, among other evidence, a laptop computer, an external hard drive, and a cell phone containing multiple depictions of minors engaged in sexually explicit conduct.

Crossfield was present at the time the search warrant was executed.  After being informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), Crossfield agreed to participate in a recorded interview with agents.  In that interview, which was provided to and reviewed by the court, Crossfield admitted to participating in the internet chat room at issue under the username identified by agents.  He further admitted to viewing as well as distributing child pornography in that chat room and elsewhere on the internet.  He also admitted to soliciting child pornography directly from minors on several occasions, and then to sharing that pornography with others on at least one occasion.  At the hearing on the instant motion,

Crossfield presented no evidence that this recorded statement was coerced or is otherwise unreliable.

We must review the factors identified in § 3142(g) when deciding if Crossfield has rebutted the presumption that no condition or combination of conditions will be sufficient to secure his pretrial release. These factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim. . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person in the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As stated above, Crossfield is charged with engaging in a child exploitation enterprise and conspiracy to advertise child pornography from in or about July 2016 through on or about July 27, 2018. The government alleges that Crossfield not only viewed child pornography, but also that he enticed minors to engage in sexual acts for the purpose of producing child pornography and that he helped to distribute child pornography to others. These crimes are extremely serious and involve a significant number of vulnerable minor victims.

The weight of the evidence against Crossfield is strong. As noted above, his name, residence, and IP address has been linked with a particular username from an internet chat room where child pornography was shared and discussed. Crossfield's activity in that chat room, which included viewing, posting, and commenting on child pornography, was monitored and recorded by agents. At his residence agents recovered a laptop computer, external hard drive, and cell phone containing child pornography. Crossfield gave a statement to law enforcement agents in which he admitted to participating in the internet chat room using the username at issue. He further admitted to viewing, distributing, and producing child pornography.

Crossfield has proffered evidence regarding his history and characteristics. He has no ties to the Eastern District of Pennsylvania. Instead, Crossfield is a life-long

-5-

resident of Jamaica, New York. He has no prior criminal record. He also has no history of mental health or substance abuse problems. In support of his motion for pretrial release, Crossfield submitted letters from friends and family attesting to his good character and strong family ties. His sister, who is a New York state correctional officer, appeared at the hearing to testify on his behalf. She stated that Crossfield could live with her in New York if released. His family also offered to post real estate, which they estimate is worth approximately $400,000, to secure his release. Crossfield has completed significant coursework towards a college degree. He has been an active member of his church for a number of years and was employed at the time of his arrest as a camp counselor. Unfortunately, in that role Crossfield was assigned to work with children who were approximately the same age as the victims depicted in the sexually explicit content that Crossfield allegedly viewed, produced, and distributed.

Finally, we consider the nature and seriousness of the danger to any person in the community that would be posed by Crossfield's release. As noted above, Crossfield is charged with serious offenses involving vulnerable minor victims. The internet chat service and other applications that Crossfield is alleged to have used to view, produce, and distribute child pornography are accessible from any computer or smartphone.

Thus, it would be extremely difficult, if not impossible, to monitor Crossfield's internet usage and to assure that he will not access, share, or create child pornography while on release. Monitoring of Crossfield's activities would be further complicated by the fact that he would be residing outside of this district. We also note that his sister is herself facing serious health problems that may make it difficult for her to supervise Crossfield's computer activities on a consistent basis if Crossfield were to be released to her residence.

Considering all of these facts, the government has established that there are no set of conditions for pretrial release which will assure the safety of the community. Thus, we need not address whether Crossfield is also a risk of flight. We find no error in the pretrial detention of Crossfield as ordered by the magistrate judge and will affirm his order of July 30, 2018.

Accordingly, the motion of Crossfield for reconsideration of the denial of pretrial release will be denied.