IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RIC CROSSFIELD, JR. | : | NO. 18-352-5 |

MEMORANDUM

Bartle, J.                                                                     July 27, 2021

The court has before it the pro se motion of Ric Crossfield, Jr. for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]

I

From 2016 to 2018, defendant Ric Crossfield, Jr. participated in a "crowdsourcing" child exploitation scheme during which he and other offenders shared child pornography in the form of image and video files using servers on an internet communications platform. Defendant was a member of two such servers where he made hundreds of posts, some of which included child pornography or links to other locations where child pornography could be found.

A digital storage device containing 254 files of child pornography was seized during the execution of a search warrant of defendant's home in late 2018. According to the Government,

---

[1] The court will deny defendant's request for the appointment of counsel to represent him for his motion for compassionate release as the motion is without merit.

defendant generally admitted to his participation in the child pornography scheme at the time his home was being searched.

On April 17, 2019, defendant pleaded guilty to one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). This court sentenced him to a 168-month term of imprisonment followed by 40 years of supervised release. Defendant is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Accounting for four months of credit for good time, defendant has served approximately 40 months of his sentence. He is 26 years old.

On November 19, 2020, defendant submitted his first request for compassionate release to the warden of FCI Fort Dix under 18 U.S.C. § 3582(c)(1)(A) on the ground that he suffered from asthma and was at greater risk of severe illness if he were to become infected with COVID-19. The record is silent on any response to the first request.

Defendant's medical record shows he suffers from and has received treatment for seasonal allergies. Defendant was administered a test for COVID-19 on December 31, 2020, which returned positive. All the temperature readings taken from defendant during the week before and the week that followed the positive test were between 97.6° and 98.4° Fahrenheit.

Defendant received the first and second doses of Pfizer's vaccine against COVID-19 on March 23, 2021 and April 13, 2021 respectively. On May 3, 2021, he submitted a second request for compassionate release to the warden at FCI Fort Dix. According to the Government, defendant did not mention asthma in his second request for compassionate release. Instead, he sought compassionate release based on the general risk presented by infection and illness from COVID-19 while at FCI Fort Dix.

Defendant filed his pending motion for compassionate release in this court on June 11, 2021. He argues in the motion that although recovering from COVID-19 and getting fully vaccinated decreases the risk of severe illness from COVID-19, "recent data reveals that the threat of severe illness or death from COVID-19 . . . is nevertheless real."

More than 30 days passed between when defendant submitted his second request for compassionate release to the warden at FCI Fort Dix on May 3, 2021 and when he filed the pending motion before this court on June 11, 2021. The Government does not dispute that defendant exhausted the administrative requirements set forth in 18 U.S.C. § 3582(c)(1)(A).

II

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018) provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . .
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

(emphasis added). At the direction of Congress, the Sentencing Commission identified what are to be considered "extraordinary

and compelling reasons" for compassionate release. 28 U.S.C. § 994(t). It issued a policy statement which provides that a court may reduce a term of imprisonment if, after considering applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that: (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; (3) and "the reduction is consistent with this policy statement." USSG § 1B1.13. The Commission specifically identified "extraordinary and compelling" reasons in Application Note 1 to USSG § 1B1.13 which provides in relevant part:

> **1. Extraordinary and Compelling Reasons.**‑‑ Provided the defendant [is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g)], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> **(A) Medical Condition of the Defendant.**‑‑
>> (i) The defendant is suffering from a terminal illness. . . . (ii)(I) <u>suffering from a serious physical or medical condition</u>, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process
>
> <u>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.</u>

(emphasis added).

A defendant has the burden to show his or her circumstances warrant compassionate release. See, e.g., United States v. Neal, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); United States v. Adeyemi, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

III

As noted above, defendant seeks compassionate release based on his risk of death or severe illness should he contract COVID-19 a second time after being fully vaccinated.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for defendant and all others in prison. However, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit." United States v. Roeder, 807 Fed. App'x. 157, 161 n. 16 (3d Cir. 2020). Nor does, "an outbreak at the defendant's correctional institution, standing alone, . . . satisfy the extraordinary and compelling reasons requirement." United States v. Gonzalez, 2021 WL 1088258, at *3 (E.D. Pa. Mar. 22, 2021).

Defendant has not demonstrated he suffers from any condition which, as recognized by the Centers for Disease Control, increases the risk of severe illness from COVID-19.

There is nothing in the record that indicates he has asthma or is being treated for asthma.  Though he tested positive for COVID-19, he presents no evidence to suggest that due to the virus he suffers from a serious medical or physical condition which substantially diminishes his ability to provide self-care within the prison environment.  To the contrary, there is nothing in the record that demonstrates defendant became ill as a consequence of being infected with COVID-19.  Further, defendant was inoculated with a vaccine against COVID-19 which has been proven extremely effective at limiting COVID-19 infections and all but eliminating the risk of severe disease for those few who contract COVID-19 despite being vaccinated.  The court concludes that defendant's minimal risk of serious illness from COVID-19 in the unlikely event he is infected a second time does not constitute an extraordinary and compelling reason that justifies his release under 18 U.S.C. § 3582(c)(1)(A)(i).  The court finds, taking all the relevant facts into consideration, that defendant has not established extraordinary and compelling reasons that warrant compassionate release.

Moreover, § 3582(c)(1)(A) requires the court to consider the "factors set forth in § 3553(a) to the extent they are applicable" before reducing a defendant's sentence.  These factors include the need "to protect the public from further

crimes of the defendant." As a part of a child exploitation scheme, defendant collected files containing child pornography and routinely dispersed them on the internet and/or directed other offenders to locations on the internet where child pornography could be found. Early release would not serve to protect those members of the public who may fall victim to further crimes of the defendant.

Accordingly, the court will deny the motion of defendant Ric Crossfield for compassionate release under 18 U.S.C. § 3582(c)(1)(A). As noted above, the court will also deny his request for the appointment of counsel for this motion as without merit.